**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHRISTOPHER TREVOR REED MATTILA, <br><br> Plaintiff, <br><br> v. <br><br> LOWER MAKEFIELD TOWNSHIP PA. POLICE DEPARTMENT, *et al.*, <br><br> Defendants. | Civil Action No. 20-14699 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the *in forma pauperis* application ("IFP Application") of pro se Plaintiff Christopher Trevor Reed Mattila ("Mattila") to proceed without prepayment of fees under 28 U.S.C. § 1915. (ECF No. 1-4.) Mattila also filed ancillary motions directly related to his IFP Application. (ECF Nos. 10, 11.)

**I.    BACKGROUND**

Mattila's Complaint (ECF No. 1), attached exhibits (ECF No. 1-1), and subsequent correspondence submitted to the Court (ECF Nos. 2-6, 9)[1]—totaling over 80 pages of mostly

---

[1] From October 2020 to June 2021, Mattila filed a series of partially legible letters, some of which were directed towards the United States Secret Service. (ECF Nos. 3-9.) Nonetheless, the Court will construe all correspondence together as the operative Complaint for the purpose of screening Mattila's IFP Application, particularly in light of his pro se status. *See Lail v. FCI Fairton*, No. 16-6991, 2017 WL 6539233, at *1 n.1 (D.N.J. Dec. 21, 2017) (construing a pro se plaintiff's complaint together with subsequently submitted letters and exhibits but noting that "ordinarily pleadings may not be supplemented" by such documents).

unintelligible handwritten notes—allege that Mattila was wronged by Defendants Lower Makefield Township Police Department (the "Police Department"), Bucks County Correctional Center Mental Health Services, Norristown State Hospital, Bucks County Court System, Bucks County Public Defender's Office, MHM Services, Inc., and Lorrue Butler (collectively, the "Defendants"). (Compl. *1-9, ECF No. 1).[2] Specifically, Mattila alleges that he was unlawfully arrested by the Police Department in Bucks County, Pennsylvania, while carrying out an operation on behalf of the U.S. Secret Service ("Secret Service"). (*Id.* at *9.) From what the Court can glean from the difficult-to-decipher Complaint, Mattila claims that Defendants failed to provide him with pertinent information related to his arrest and prosecution and that Defendants continued to unlawfully detain him pending the resolution of criminal charges brought against him. (*Id.* at *9-10.) Mattila alleges that Defendants violated the Supremacy Clause, the Freedom of Information Act, his constitutional rights, other federal laws (including the "entire" U.S. Code), 18 U.S.C. § 879 (threats against the President and certain other persons), 18 U.S.C. § 1510 (obstruction of criminal investigations), and 18 U.S.C. § 1512 (tampering with a witness, victim, or informant), among others. (Compl. Add. *11, ECF No. 1-1.) As a result of these violations, Mattila's Complaint claims $465 million in "physical, psychological, emotional, [and] financial" damages. (Compl. *10; Civ. Cover Sheet, ECF No. 1-3.) Mattila's Complaint also requests that this Court intervene in Mattila's state prosecution. (*Id.*)[3]

---

[2] Pages preceded by asterisks indicate the pagination atop the CM/ECF header.

[3] The Court construes Mattila's Motion for a Preliminary Mandatory Injunction (ECF No. 11) and repeated requests for the Court to issue an "affirmative defense" to his Bucks County criminal prosecution as asking the Court to intervene (Compl. Add. *20).

## II. LEGAL STANDARD

Congress designed the *in forma pauperis* statute, 28 U.S.C. § 1915, to "ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). To protect against abusive applications, Congress also authorized dismissal if a district court finds an *in forma pauperis* complaint is frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Deutsch v. United States*, 67 F.3d 1080, 1084-85 (3d Cir. 1995). "In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of [the p]laintiff." *Abdul-Mateen v. Fed. Bureau of Prisons*, No. 11-4715, 2012 WL 2087451, at *1 (D.N.J. June 8, 2012). An IFP action must be dismissed if the district court "determines that it, inter alia, fails to state a claim upon which relief can be granted." *Vora v. Michaels*, 613 F. App'x 132, 133 (3d Cir. 2015) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

## III. DISCUSSION

### A. The Court Grants Mattila's IFP Application.

The Court must carefully review Mattila's IFP Application and, "if convinced that [Mattila] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed *in forma pauperis*." *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008) (citing *Deutsch*, 67 F.3d at 1084 n.5) Here, in support of his IFP Application, Mattila submitted a statement of his assets, income, and expenses. (*See generally* IFP Appl., ECF No. 1-4.) The IFP Application is complete and indicates that Mattila stopped receiving social security income in February 2020. (*Id.* at 1, 5.) Mattila's only other income appears to be $22 a month from the Commonwealth of Pennsylvania in the form of an unspecified subsidy. (*Id.* at 2.) Although the IFP Application indicates that Mattila is owed over $3,000 by "Direct Express," it does not appear that Mattila has any other assets. (*Id.* at 2-3.) The Court, accordingly, finds that Plaintiff has established indigence and grants his IFP Application.

3

**B.     The Court Dismisses Mattila's Complaint.**

The Court next screens Mattila's Complaint to determine whether the Complaint should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). "Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)."[4] *Rhodes v. Md. Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013). When assessing a complaint, courts must accept as true a plaintiff's well-pleaded factual allegations but may ignore legal conclusions or factually unsupported, "the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Mattila's Complaint seeks monetary damages and intervention by this Court in his state court proceeding. As to the former, liberally construing Mattila's Complaint, the Court is unable to decipher Mattila's causes of action and finds that the Complaint fails to set forth "a short and plain statement of the claim" as required by Rule 8(a)(2). *Leverett v. Carchman*, No. 09-1903, 2010 WL 606041, at *2 (D.N.J. Feb. 18, 2010). To the extent his claims arise from his Secret Service membership during his arrest, Mattila provides no support for the allegation that he worked for the federal government and is entitled to immunity. Aside from Mattila's bare allegations, he offers no facts to support that the Police Department illegally arrested him or that he was harmed by Defendants. As such, the Court finds that Mattila fails to state any actionable claim.

As to the Complaint's request for this Court's intervention, the Court declines the invitation. For one, the Court need not explore whether such intervention is warranted because federal courts generally abstain from interfering with pending state court criminal proceedings

---

[4] All references to "Rule" hereinafter refer to the Federal Rules of Civil Procedure.

under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). It is settled law that the *Younger* doctrine, "which counsels federal-court abstention when there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). At the core of the *Younger* doctrine is the notion that federal courts should not interrupt state criminal proceedings. *Id.*; *see also Younger*, 401 U.S. at 43-44; *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). The Court is satisfied that Mattila will have an "adequate opportunity to raise federal claims," as well as any defenses he may have, in his state court proceedings. *Leverett*, 2010 WL 606041, at *10.[5]

Accordingly, abstention is warranted under the *Younger* doctrine and the Court will not interfere with Mattila's state court proceedings. Any request to do so is denied.

---

[5] To the extent Mattila's criminal proceedings in the Commonwealth of Pennsylvania have already concluded, district courts lack subject matter jurisdiction to "reverse a state court decision or void its ruling." *Leverett*, 2010 WL 606041, at *9 (citing *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006)).

## IV.    CONCLUSION

For the reasons set forth above, the Court grants Mattila's IFP Application and dismisses the Complaint for failure to state a claim on which relief may be granted.[6] The Court will issue an order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[6] The Court expresses some concern regarding Mattila's mental competency to adequately represent himself in this litigation. Of note, Mattila's prior address of record was Norristown State Hospital—a psychiatric facility. (*See* ECF No. 7.) Moreover, Mattila self-reports that Defendant Correctional Mental Health Services "unlawfully diagnosed" him to be suffering from Post-Traumatic Stress Disorder, schizophrenia, and other medical issues. (*See, e.g.*, June 28, 2021 Correspondence *6, ECF No. 9.) But Mattila disagrees with these psychiatric diagnoses, and highlights that he received "nothing from the State of [Pennsylvania] on paper." (*Id.*) Without any extrinsic or third-party verification that Mattila is mentally incompetent, the Court is unable to determine whether appointing a guardian ad litem pursuant to Rule 17(c)(2) would be appropriate at this stage. The Court did not receive Mattila's medical records, notwithstanding Mattila's motions to quash and seal his mental health records. (Mot. to Quash *1, ECF No. 12; *see generally* Mot. to Seal, ECF No. 13.) Because "[b]izarre behavior" alone is insufficient to trigger a mandatory competency hearing without some "verifiable evidence of incompetence," the Court will not, at this time, conduct a Rule 17 hearing or appoint a representative. *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012). Mattila is ordered to submit any relevant mental health documentation he has in his possession, under seal, if he files an amended complaint.